In the Matter of the Estate of ISAAC LOCKER, Deceased.

Surrogate's Court, Sullivan County, August 1, 1933.

*Joseph Burger*, for Sol J. Locker.

*Lazarus I. Levine*, for Annie Locker.

COOKE, S. Application is made for an order to disqualify Lazarus I. Levine from acting as the attorney for petitioner, Annie Locker, in the matter of proving the will of Isaac Locker, deceased, on the ground that he is the special county judge and surrogate of Sullivan county. These proceedings have been before the surrogate. Section 8 of the Surrogate's Court Act is as follows:

" Vacancy or disability; who to act as surrogate. Where in any county, except the counties in the city of New York, the office of surrogate is vacant; or the surrogate is disabled by reason of sickness, absence or lunacy, or is disqualified in a particular matter, and special provision is not made by law for the discharge of the duties of his office in that contingency; the duties of his office must be discharged, until the vacancy is filled or the disability ceases, as follows:

" 1. By the special surrogate.

" 2. If there is no special surrogate, or he is in like manner disabled, or is precluded or disqualified, by the special county judge.

" 3. If there is no special county judge, or he is in like manner disabled, or is precluded or disqualified, by the county judge.

" 4. If there is no county judge, or he is in like manner disabled, or is precluded or disqualified, by the district attorney.

" But before an officer is entitled to act as prescribed in this section, proof of his authority to act as prescribed in section eleven of this act must be made."

Section 11 of the same act is as follows:

" Proof of authority. The authority of another officer   *   *   * to act as prescribed in the last three sections, must be proved in one of the following modes:

" 1. Where the surrogate is disqualified or precluded from acting in a particular matter, that fact may be proved by the surrogate's certificate thereof. Where the surrogate is temporarily absent, that fact may be proved by the certificate of the surrogate, or of the clerk of the surrogate's court, or of the county clerk.

" 2. The fact that the surrogate is disabled by reason of sickness, or lunacy, or that the office is vacant, and also the authority of the officer   *   *   * to act in his place, may be proved and are deemed conclusively established by an order of a justice of the supreme court of the judicial district embracing the county."

The special surrogate has no power to act unless the regular surrogate is disqualified or there is a vacancy in the office.   Chapter 88 of the Laws of 1854 was an act to authorize the election of a local officer to discharge the duties of county judge and surrogate in Sullivan county.  It provided for the election of an officer to discharge the duties of county judge and surrogate in cases of vacancy or inability of such officer.   (See State Const. art. 6, § 12.)

In section 19 of article 6 of the State Constitution we find: " No district attorney or assistant to or deputy of a district attorney shall appear or act as attorney or counsel for the defendant in any criminal case or proceeding in any court of the State, nor shall any county judge, special county judge, surrogate, or special surrogate appear or act as counsel for a defendant in any criminal case or proceeding pending in his own county or in any adjacent county."

This seems to be the only prohibition, which has been called to my attention, against the acting of the special surrogate.

For many years no question has been raised as to the practicing before the surrogate in Surrogate's Court of the special surrogate and it would seem that it was not the contemplation of the statute to prohibit him from so doing.  The salary of the special county judge and surrogate in Sullivan county is $600 per year, and it

would be difficult to obtain any attorney who would be willing to act as special county judge and surrogate if he were deprived from acting as attorney in Surrogate's Court before the surrogate. The same objection could be raised against the district attorney for he might be called upon to act in certain cases.

The special surrogate had no power to act in this proceeding until the required certificate of the surrogate was filed.

Application denied.